## Metropolitan West Side Elevated Railway Company v. Szczepan Kowalski.

### Gen. No. 13,682.

1. NEGLIGENCE—*when question of, for jury.* Whether it is negligence for a traction car to turn a curve at a rapid rate of speed is a question of fact for the jury.

2. CONTRIBUTORY NEGLIGENCE—*when question of fact for jury.* Whether it is contributory negligence for one, pursuant to custom,

to ride upon the platform of a traction car, is a question of fact to be determined by the jury.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

Addison L. Gardner, for plaintiff in error; W. W. Gurley, of counsel.

Royal W. Irwin and Frank W. Koraleski, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

In an action in the Municipal Court to recover damages for personal injuries, which plaintiff alleged that he received by being thrown from a car of defendant on which he was a passenger, " by reason of defendant's negligently managing and operating same," plaintiff had judgment for $750, to reverse which the defendant prosecutes this writ of error.

As to the evidentiary facts there is in this case no substantial controversy. Defendant operated over its own right of way, and not in a public street, an electric surface railway from Fifty-second avenue, where the tracks of its elevated road came down to the ground, to Desplaines avenue, a distance of two and a half miles, and through passengers were transferred from a car on the elevated to the car on the surface road, and *vice versa,* without an additional fare. There were eight stations on said surface road. Going east there was a curve to the right just west of Fifty-second avenue, with a radius of about 500 feet, around which a car might run at a speed of forty miles per hour without danger of overturning or leaving the track. Plaintiff became a passenger on said surface car at Desplaines avenue, intending to go to the city over said surface road, and stood upon the rear platform smoking up to the time of the accident. The conductor knew that he was standing upon the platform and testified that he did not allow smoking in the car, but allowed passengers to smoke on the rear platform.

Metropolitan W. S. E. Ry. Co. v. Kowalski.

In view of this testimony it is immaterial whether plaintiff went upon the platform voluntarily when he first boarded the car, as the conductor testified, or was directed by the conductor to go on the platform, because he had fish and fish nets, as plaintiff testified, and it is also immaterial whether he could either see or read the notice on the rear door of the car that, "Passengers must not stand on the rear platform of the cars." He was on the rear platform with the knowledge and consent of the conductor and in accordance with the custom that passengers who wished to smoke might ride on that platform, and the case is not affected by the notice which the jury might, from the evidence, find was treated by the defendant as abandoned.

Plaintiff estimated the speed of the car at the curve at twenty miles per hour; the conductor estimated it at eighteen to twenty miles per hour.

That when a car going at eighteen to twenty miles an hour strikes a curve there is a swaying of the car and a tendency to throw a person standing on the platform from the car, is not disputed. Plaintiff testified that he was by such motion of the car thrown from the platform. Kominski, a witness called by plaintiff, testified that he was sitting on a seat in the car and that when the car struck the curve he nearly fell off his seat. The question of defendant's negligence does not depend upon the question whether the car might go around the curve at eighteen or twenty miles per hour without danger of overturning or leaving the track, but upon the question whether it might be run at that speed without danger to the passengers on the car.

Whether the defendant, knowing that plaintiff was standing upon the rear platform, was guilty of negligence in running the car around the curve at eighteen or twenty miles per hour was, we think, a question of fact for the jury, on which their verdict must be held conclusive.

The principal contention of plaintiff in error is, that the defendant in standing upon the platform, not holding on to anything and knowing, as he testified that he did, every curve in the track, was guilty of contributory negligence.

It is conceded by the plaintiff in error that it is not negligence *per se* for a passenger to stand on the platform of a street railway car, and by the defendant in error, that it is negligence *per se* for a passenger to stand upon the platform of an ordinary steam railway car. Riding upon the platform of an ordinary steam railroad car has been held negligence, not alone because of the speed of the train, but also because passengers are not permitted to ride upon the platform of such cars. Here, as has been said, passengers were permitted to ride upon the rear platform to smoke, and in view of such custom and permission, we think that the question whether the plaintiff was guilty of contributory negligence in riding upon the platform was also a question of fact for the jury upon which their verdict must be held conclusive.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*